# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GRADY MEMORIAL HOSPITAL CORPORATION and LAW OFFICES OF RONALD I. KAPLAN, MD, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>SMITH DESIGN STUDIOS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) FILE No.:<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COME NOW the Plaintiffs, GRADY MEMORIAL HOPSITAL CORPORATION ("Grady") and LAW OFFICES OF RONALD I. KAPLAN, MD, LLC ("Kaplan Firm"), and hereby submit this Complaint and in support thereof, shows the Court the following:

### PARTIES AND JURISDICTION

1.

Plaintiff Grady Memorial Hospital Corporation is a domestic corporation formed under the laws of the State of Georgia with its principal place of business located in Fulton County, Georgia.

2.

Plaintiff Law Offices of Ronald I. Kaplan, MD, LLC, is a domestic limited liability company formed under the laws of the State of Georgia whose sole member, Ronald Kaplan, is a citizen of the State of Georgia.

3.

Defendant Smith Design Studios, LLC ("SDS") is a limited liability company formed under the laws of the State of Alabama in 2022, whose sole member, Keston Smith, is a citizen of the State of New York.

4.

SDS can be served through its registered agent, LegalInc. Corporate Services, Inc., 600 Boulevard South, SW, Ste. 104A, Huntsville, AL 35802.

5.

SDS owns a bank account at JPMorgan Chase Bank into which funds have been transferred pursuant to a fraudulent scheme that used a transaction with a law firm in Georgia as an instrumentality of the scheme alleged herein.

6.

Jurisdiction is proper in Georgia state courts pursuant to O.C.G.A. § 9-10-91(1)-(3) and in Georgia federal courts pursuant to 28 U.S.C. § 1331 based on the federal RICO claims.

7.

Venue is proper in the Superior Court of Fulton County, Georgia, pursuant to O.C.G.A. § 9-10-91, and in the District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the claim occurred in Atlanta, Georgia, located within the Northern District of Georgia, Atlanta Division. Specifically, a Georgia law firm representing a client in the State of Georgia was targeted by a fraudulent enterprise. *National Egg Co. v. Bank Leumi Ie-Isreal, B.M.*, 514 F. Supp. 1125, 1127-28 (N.D. Ga. 1981).

FACTUAL BACKGROUND

8.

Plaintiff Grady operates a hospital in Fulton County, Georgia.

9.

Plaintiff Kaplan Firm operates a law firm in Fulton County, Georgia.

10.

On December 12 and 13, 2022, in connection with a settlement between Grady and the Kaplan Firm's client, Sharon Hawkins, a person posing as a paralegal in the Kaplan Firm requested by email (the "December 12 and 13 Emails") that Grady wire settlement funds to JP Morgan Chase bank account number xxxxx7975 (the "Chase Account").

3

11.

Unbeknownst to Plaintiffs at the time of the December 12 and 13 Emails, the instructions came from SDS and/or its co-conspirators, persons and entities unrelated to Hawkins, Kaplan, or Grady.

12.

In compliance with the instructions received from Defendant, Grady sent a wire for $100,000 to the Chase Account on or about December 19, 2022 (the "Wire").

13.

The Kaplan Firm thereafter notified Grady that the Kaplan Firm did not send the wire instructions.

14.

Upon information and belief, Defendant and co-conspirators used fraudulent means to intercept emails between Grady and Kaplan, and gave fraudulent wire instructions for the purpose of theft of funds from Grady's account.

15.

SDS owns and is the registered user of the Chase Account, which was the recipient of the Wire sent by Grady.

16.

Upon information and belief, SDS directed the fraudulent scheme, including but not limited to: (1) directing and coordinating the set up and use of the Chase Account and receive the Wire for fraudulent purposes; (2) authoring and sending the December 12 and 13 Emails; and/or (3) receiving, negotiating, or disposing of the funds from the Wire.

17.

Plaintiff seeks the aid of the Court and the Court's laws and rules to discover the identity of the persons or businesses who engaged in the fraudulent scheme alleged in this Complaint.

18.

Upon information and belief, SDS and its co-conspirators intended to access, use, transfer, convert, withdraw, and commit theft of the funds that Grady transferred to the Chase Account.

<u>FIRST CLAIM FOR RELIEF – CIVIL RICO</u>

19.

Plaintiffs bring claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to the provisions of 18 U.S.C. § 1961, *et seq*.

20.

Defendant SDS and its co-conspirators engaged in conduct of an enterprise through a pattern of racketeering activity that includes interstate mail fraud, interstate wire fraud, and money laundering, including but not limited to violations of 18 U.S.C. §§ 1956(a)(2)(A) (money laundering), Wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), including but not limited to the use of wire transfers to divert and hide fraudulently obtained funds, the use of the mails to mail cashier's checks to other participants in the scheme alleged herein, the use of Bitcoin to abscond with Grady's and Kaplan's funds, and conducting financial transactions with proceeds of unlawful activity (*Gen. Cigar Co. v. CR Carriers, Inc.*, 948 F.Supp. 1030, 1039 (M.D. Ala. 1996)). Upon information and belief, SDS and its co-conspirators knew that the funds were proceeds of unlawful activities at the time they transferred and converted the funds.

21.

Plaintiffs have suffered damages in excess of $100,000, which damages were proximately caused by Defendant's RICO violations and are entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendant should be liable to Plaintiffs.

22.

The transactions by Defendant alleged herein were part of a pattern of racketeering activity, including but not limited to transfers of other stolen funds received by, contained in, and transferred from the Chase Account and other accounts used in the scheme.

23.

Upon information and belief, Defendant and its co-conspirators' transactions with Plaintiffs do not appear to be isolated in light of the complex nature of the scheme to intercept email correspondence and to divert funds to an account at JPMorgan Chase Bank.

24.

Defendant and its co-conspirators went to great lengths to hide their scheme from Plaintiff, including creating fraudulent Wire instructions and soliciting participants to accomplish the ends of the scheme. *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1402 (11th Cir. 1994).

25.

Plaintiffs have suffered damages in excess of $100,000, which damages were proximately caused by Defendant and its co-conspirators' RICO violations, and is entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendant and its co-conspirators are liable to Plaintiff.

## SECOND CLAIM FOR RELIEF – MONEY HAD AND RECEIVED

26.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

27.

Defendant and its co-conspirators directed and caused funds of Plaintiff Grady to be transferred into the Chase Account for the benefit of Defendant. These funds constitute money which Defendant is not entitled in good conscience to retain.

28.

Defendant and its co-conspirators have the obligation from the "ties of natural justice" to refund the funds that were transferred by the Wire to the Chase Account, which funds were Wire debited into said account by fraud.

29.

Defendant and its co-conspirators have caused damage to Plaintiffs by diverting and directing funds belonging to Grady to the Chase Account, for which Defendant should be liable in damages and for injunctive relief ordering freezing of the funds and return of the funds to Plaintiffs.

## THIRD CLAIM FOR RELIEF – FRAUD

30.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

31.

Upon information and belief, Defendant and its co-conspirators obtained funds belonging to Grady through a fraudulent scheme that included soliciting a Georgia limited liability partnership, and by including the Chase Account in the Wire instructions conveyed to Plaintiff. Defendant and its co-conspirators either committed these acts themselves or acted through agents over whom they controlled the time, manner, method and means of committing the fraud, or with a co-conspirator, for the purpose of transferring the funds into the Chase Account.

32.

Defendant and its co-conspirators provided fraudulent Wire instructions for the purpose of fraudulently obtaining the funds in possession of Plaintiff.

33.

Defendant and its co-conspirators intended that Plaintiff Grady rely on the aforesaid misrepresentations.

34.

Plaintiff Grady reasonably relied on the aforesaid misrepresentations.

35.

Plaintiff Grady's reliance on the misrepresentations was foreseeable.

36.

The actions of Defendant and its co-conspirators constitute fraud for which Plaintiffs are entitled to recover damages from Defendant and its co-conspirators.

37.

Therefore, Plaintiffs are entitled to recover damages from Defendant and its co-conspirators and injunctive relief freezing the funds and ordering return of the funds on account of their fraud.

FOURTH CLAIM FOR RELIEF – CIVIL CONSPIRACY

38.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

39.

Upon information and belief, Defendant and its co-conspirators conspired and agreed with each other and with one or more other persons to commit the fraudulent acts set forth herein.

40.

As set forth above, Defendant and its co-conspirators acted pursuant to a common intent and design with other individuals and/or entities to fraudulently

move, through a series of transactions, funds owned by Plaintiff Grady to the Chase Account.

41.

Plaintiffs were damaged by the aforesaid conspiracy, for which Defendant and its co-conspirators are liable in damages.

## FIFTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

42.

Plaintiffs hereby incorporate the preceding paragraph of this Complaint by reference.

43.

As set forth above, Defendant and its co-conspirators fraudulently obtained funds rightfully belonging to and intended for Plaintiffs through a series of acts that ultimately caused Plaintiff Grady to transfer the funds into the Chase Account.

44.

Defendant and its co-conspirators should not be allowed to enjoy the beneficial interest or ownership of the funds fraudulently transferred without violating established principles of equity.

45.

A constructive trust should be imposed on all funds traceable to the Wire from Plaintiff Grady to the Chase Account and the accounts to which the funds from the Wire were transferred.

SIXTH CLAIM FOR RELIEF – INJUNCTIVE/EQUITABLE RELIEF

46.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

47.

As set forth above, there is a substantial likelihood that Plaintiffs will prevail on the merits of its claims. If this injunction is not granted, Plaintiffs stand to suffer irreparable injury, loss and damage if Defendant and its co-conspirators further negotiate from the Chase Account or use proceeds from the stolen funds in the Chase Account. In light of the fraudulent activity which resulted in money entering into the recipient accounts, including but not limited to the Chase Account, Defendant and its co-conspirators are likely to dispose of Plaintiff's property and funds if the relief requested herein is not granted. The threatened injury to Plaintiffs outweighs the threatened harm the injunction may do to Defendant and its co-conspirators. Granting an injunction will not disserve the public interest in that there is no public interest in recipients of fraudulent transfers retaining such funds.

48.

An injunction, including but not limited to an asset freeze and a freeze on the Chase Account, is warranted and should be issued on a temporary and permanent basis pursuant to O.C.G.A. §§ 9-5-1, 9-11-65 and 11-4A-503, and Fed.R.Civ.P. Rule 65. The injunction should restrain Defendant and its co-conspirators, all persons acting in concert with or in participation with any of them, their officers, directors, agents, representatives, successors, assigns, any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies that engage in the processing or transferring of money and/or real or personal property, who receive actual notice of the Court's Order by personal service or otherwise from, without prior approval of the Court, transferring, disposing of, or secreting any money or proceeds of money from Defendant and any other assets of Defendant from accounts associated with or utilized by any of the Defendant, or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendant, into or out of any accounts associated with or utilized by any of the Defendant, regardless of whether such accounts are located in the United States or abroad, including but not limited to the Chase Account. This Order should include but not be limited to any and all accounts and assets utilized or owned by Defendant.

## SEVENTH CLAIM FOR RELIEF – PUNITIVE DAMAGES

49.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

50.

Upon information and belief, the actions of Defendant and its co-conspirators were egregious and intentional, and such willful misconduct was the result of malice, fraud, wantonness, oppression, and an entire want of care that would raise the presumption of deliberate indifference to the consequences. Accordingly, Plaintiffs are entitled to recover punitive damages from Defendant under O.C.G.A. § 51-12-5.1.

## EIGHTH CLAIM FOR RELIEF – ATTORNEYS' FEES

51.

Plaintiffs hereby incorporate the preceding paragraphs of this Complaint by reference.

52.

Defendant engaged in actions as further set forth herein that were in bad faith; Defendant has caused Plaintiffs unnecessary trouble and expense; and Defendant has been stubbornly litigious. Accordingly, an award of attorneys' fees is authorized against Defendant pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiffs pray for the following relief:

1) That process issue in accordance with the law;

2) That Plaintiffs have a judgment for injunctive relief and disgorgement of funds wrongfully taken, received, and misappropriated, including but not limited imposing an asset freeze on assets of Defendant, the Chase Account, and all other accounts which received the fraudulently transferred funds set forth herein;

3) That Plaintiffs be awarded compensatory, nominal, treble, and general damages against Defendant as compensation for Defendant's intentional, wanton, and willful actions;

4) That Plaintiffs be awarded punitive damages against Defendant;

5) That Plaintiffs be awarded costs of this action and attorneys' fees against Defendant; and

6) That Plaintiffs be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted, this, the 11th day of December, 2023.

|  |  |
|---|---|
|  | COPELAND, STAIR, VALZ & LOVELL, LLP |
| 191 Peachtree Street, N.E.<br>Suite 3600<br>Atlanta, Georgia 30303<br>Phone: (404) 522-8220<br>Fax: (404) 523-2345<br>Email: mlefkow@csvl.law | By: /s/Mark D. Lefkow<br>MARK D. LEFKOW<br>Georgia Bar No. 004289<br><br>***Attorneys for Plaintiff***<br>***Law Offices of Ronald I. Kaplan, MD, LLC*** |
|  | WEATHINGTON |
| 191 Peachtree Street, N.E.<br>Suite 3900<br>Atlanta, Georgia 30303<br>Phone: (404) 524-1600<br>Email: jbroocker@weathington.com<br>chaack@weathington.com | By: /s/Jesse K. Broocker<br>JESSE K. BROOCKER<br>Georgia Bar No. 211070<br>CHARLES N. HAACK<br>Georgia Bar No. 149589<br><br>***Attorneys for Plaintiff***<br>***Grady Memorial Hospital Corporation*** |

\* Local Rule 5.1(C) Certification: This document was prepared using Times New Roman 14-point font, one of the fonts allowed by N.D. Ga. L.R. 5.1(C).