**DECLARATION OF MARK LEFKOW**

MARK LEFKOW, the Declarant, states on oath and deposes as follows:

1.

My name is Mark Lefkow. I am over the age of eighteen (18) years and am legally competent to make this Declaration. The facts stated in this Declaration are based on and within my personal knowledge.

2.

I am counsel for Law Offices of Ronald I. Kaplan, MD, LLC, in the case of Grady Memorial Hospital Corporation and Law Offices of Ronald I. Kaplan, MD, LLC v. Smith Design Studios, LLC, United States District Court for the Northern District of Georgia.

3.

Pursuant to Fed.R.Civ.Proc. Rule 65(b)(1)(B), I certify that I have not given notice to Defendant Smith Design Studios, LLC, or the bank that maintained the beneficiary account of the wire transfer that is the subject of this case of Plaintiff's Motion for Temporary Restraining Order in the above case prior to the *ex parte* hearing thereon because of the of the nature of the scheme alleged by Plaintiffs, including the interception of email communications between parties to a settlement and use of a money mule account. These facts suggest that notice to Defendant will

encourage Defendant to abscond with Plaintiff's funds further. Additionally, it is unclear what the status of restrictions on the account are at JPMorgan Chase Bank at this time, and notice of this Motion to Defendant would give notice to Defendant that the funds may be able to be accessed. My experience with handling cases of this type is that, once parties to a fraudulent wire scheme are notified that legal proceedings are pending, they typically take actions to move the funds beyond the reach of Court process, including issuance of cashier's checks, purchases of digital assets such as Bitcoin, purchase of assets that are transferred overseas, and wiring funds overseas. Likewise, giving advance notice to the bank housing the beneficiary account in fraudulent wire cases can also result in funds moving beyond the reach of Court process. In one prior case of this type that I handled, a beneficiary bank issued a certified check to the accountholder of funds fraudulently wired in response to my client's request to refund the wire. In another case, after a bank refunded money to an accountholder, the accountholder then issued a check to a Chinese company to dissipate, launder, and divert the funds. These are examples where additional difficulty in recovering the funds was created by accountholders having notice of legal actions before injunctive relief is in effect.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this, the 8th day of December, 2023.

**MARK LEFKOW**
**Declarant**