**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GRADY MEMORIAL HOSPITAL CORPORATION and LAW OFFICES OF RONALD I. KAPLAN, MD, LLC, | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE No.: |
| vs. | ) | |
| SMITH DESIGN STUDIOS, LLC, | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order and Interlocutory/Preliminary Injunction, which was supported by the declarations of DeAngelo Norris and Ronald Kaplan, pursuant to Federal Rule of Civil Procedure 65, and Plaintiffs' Complaint for Damages and Injunctive Relief. Plaintiff seeks a temporary restraining order ("TRO") pursuant to Rule 65(b). Upon consideration of the Motion, the submissions of Plaintiffs, and the record in this case, the Court HEREBY GRANTS the Motion and enters the following Order:

## I. BACKGROUND[1]

Plaintiff Grady Memorial Hospital Corporation ("Grady") operates a hospital in Fulton County, Georgia, and Plaintiff The Law Offices of Ronald I. Kaplan, MD, LLC ("Kaplan Firm") operates a law firm in Fulton County, Georgia.

On December 12 and 13, 2022, in connection with a settlement between Grady and the Kaplan Firm's client, Sharon Hawkins, a person posing as a paralegal in the Kaplan Firm requested by email (the "December 12 and 13 Emails") that Grady wire settlement funds to JP Morgan Chase bank account number xxxxx7975 (the "Chase Account"). (Norris Declaration.) The Kaplan Firm attests that it did not send the wire instructions, and it does not own the Chase Account. (Kaplan Declaration.)

In compliance with the instructions received from Defendant, Grady sent a wire for $100,000 to the Chase Account on or about December 19, 2022 (the "Wire"). (Norris Declaration.)

Records received from JPMorgan Chase Bank confirm that the Chase Account is owned by Defendant Smith Design Studios, LLC ("SDS"), an Alabama limited liability company whose sole member, Keston Smith, appears to be a citizen

[1] The facts set forth herein are not findings of ultimate fact, but are only findings that the evidence presented is sufficient to support the grant of injunctive relief.

of the State of New York. (JPMorgan Chase Records.) Grady attests that SDS has no connection to it or the transaction between Grady, the Kaplan Firm, and Hawkins. (Norris Declaration.)

Plaintiffs are informed by JPMorgan Chase Bank's legal order department that JPMorgan Chase Bank is holding all of the proceeds of the Wire. (Chase Email.)

As to the *ex parte* nature of this relief sought, the declaration of Plaintiffs' counsel was attached to the Plaintiffs' Motion. As set forth in that declaration, in light of the complex nature of the scheme involved, giving prior notice of the TRO to Defendant or its bank may result in the funds going beyond the reach of Court process.

## II. STANDARD OF REVIEW

Plaintiffs seek an *ex parte* temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, which provides in relevant part as follows:

> (b) Temporary Restraining Order.
>
> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P 65(b).

The United States Supreme Court has recognized that in some limited situations, a court may properly issue *ex parte* orders of brief duration and limited scope to preserve the status quo pending a hearing. *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974); *Carroll v. Princess Anne*, 393 U.S. 175, 180 (1968). The limited nature of *ex parte* remedies:

> reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, cf. Carroll v. President and Comm'rs of Princess Anne, 393 U.S. 175, 180 . . . (1968), but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods*, 415 U.S. at 438-39 (emphasis in original).

Rule 65(b) directs the Court to look to the specific facts shown by an affidavit to determine whether immediate and irreparable injury, loss, or damage will result to the applicant. In addition, the Court is required to consider the factors set forth in *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1217 (11th Cir. 2009): "(1) a substantial likelihood of success on the merits; (2)

irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest."

## III. LEGAL DISCUSSION

### A. PROBABILITY OF SUCCESS ON THE MERITS.

The Eleventh Circuit instructs that a substantial likelihood of success on the merits is "generally the most important [factor]." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). "A substantial likelihood of success on the merits requires a showing of only likely or probable, rather than certain, success." *Id.*

The Court must consider the substantive claims in determining whether Plaintiffs have a likelihood of success on the merits. Plaintiffs assert claims for fraud, unjust enrichment, civil conspiracy, civil RICO, and injunctive relief against Defendant Smith Design Studios, LLC.

The Court finds that Plaintiffs have a strong likelihood of success on their claims against the Defendants. Based on the limited record before the Court, it appears that Defendant Smith Design Studios, LLC, engaged in fraud and deceit, has been unjustly enriched, has converted Plaintiff's funds, and has engaged in a civil

conspiracy to fraudulently obtain Plaintiffs' funds. If Plaintiffs' allegations of obtaining funds under false pretenses are true, then these claims would have a strong likelihood of success.

B. IRREPARABLE HARM.

Plaintiffs must establish there is a threat of irreparable harm if injunctive relief is not granted, and that such harm is "harm that could not be sufficiently compensated by money damages or avoided by a later decision on the merits." *Canon, Inc. v. GCC Int'l, Ltd.*, 263 F. App'x. 57, 62 (Fed. Cir. 2008).

The Court finds the injury to Plaintiffs is irreparable in the absence of issuance of a temporary restraining order because the funds which Plaintiffs contend were obtained under false pretenses could be or could become beyond the reach of Plaintiffs and the Court absent immediate Court intervention.

C. BALANCE OF HARMS.

As outlined above, Plaintiffs have demonstrated the threat of irreparable harm. The balance of harms factor requires consideration of the balance between the harm to the movant and the harm the injunction's issuance would inflict on other interested parties. *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1217 (11th Cir. 2009).

At this early stage, Plaintiffs have clearly demonstrated a strong likelihood of success on the merits and a real threat of irreparable harm. Based on the limited record before the Court, it does not appear that the temporary restraining order Plaintiff seeks will harm the Defendant, Smith Design Studios, LLC, which the evidence of record shows has no relationship with Grady, and who has not withdrawn the funds received in its account from Grady for almost a year. Plaintiffs allege that Defendant received a wire transfer of Plaintiff's funds under false pretenses and banking records produced with Plaintiffs' Motion show that the funds did, in fact, enter Defendant's account. Any harm from having the account funds frozen for fourteen days is substantially outweighed by the risk of harm of dissipation of the Plaintiffs' funds. The Court finds the "balance of harm" factor strongly weighs in favor of issuance of an *ex parte* temporary restraining order.

D. PUBLIC INTEREST.

The final factor, which involves consideration of public policy, also favors the issuance of a temporary restraining order because public policy disfavors allowing perpetrators of fraud to obtain funds under false pretenses.

E. *EX PARTE* NATURE OF THE ORDER.

Rule 65 of the Federal Rules of Civil Procedure requires that counsel for the movant certify in writing the efforts made to give notice or the reasons why notice should not be required. Counsel for Plaintiff the Kaplan Firm, Mark Lefkow, filed a declaration attesting that providing notice may frustrate the Plaintiffs' ability to obtain relief.

Plaintiffs have demonstrated a substantial risk that Defendant Smith Design Studios, LLC, or its alleged co-conspirators, if notified of these proceedings prior to this Order becoming effective, will abscond with the funds transferred to the Chase Account. Therefore, it is appropriate to issue this Order *ex parte*. See *Gomez v. Jimenez*, 2015 WL 12778640, at *2 (S.D. Fla. 2015) (unpublished).

**IV. TERMS OF TEMPORARY RESTRAINING ORDER**

The Court has reviewed the entire record and the factors for granting an *ex parte* Temporary Restraining Order and finds the Plaintiff has met its burden under Rule 65(b) of establishing the necessity of an *ex parte* temporary restraining order at this early stage of the litigation.

THEREFORE, the Court GRANTS the Motion for a Temporary Restraining Order and enters the following injunction:

1. The holders and authorized users of JPMorgan Chase account number xxxxx7975 (the "Enjoined Account") and all persons acting in concert and in active participation with the foregoing, including but not limited to the financial institution(s) holding such accounts that receive actual notice of this Order by service of process or otherwise, ARE HEREBY ENJOINED, without prior approval from the Court from distributing, withdrawing, transferring, disposing of, converting, secreting any money, negotiating funds, allowing distributions, allowing withdrawals, allowing transfers, and allowing negotiation of funds in or from the Enjoined Account or any proceeds from the Enjoined Account received on or after December 19, 2022.
2. The Court limits the amount of funds that may be frozen in any one individual account or asset to the sum of $100,000.

## V. FURTHER PROCEEDINGS

The Court FURTHER ORDERS as follows:

1. The Court will hold a hearing on _______, 2023, at _________, in Courtroom ____ of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Ted Turner

Dr NW, Courtroom _______, Atlanta, GA 30303, regarding the status of the injunction, unless any party requests an earlier hearing.

2. Plaintiff is directed to provide a copy of this Order and notice of the hearing to any and all known addresses for Defendant and enjoined parties and non-parties as soon as feasible, but no later than five days prior to the hearing.

3. At the hearing, Plaintiffs shall be prepared to show cause why a preliminary injunction should be issued. If Plaintiffs fail to do so, "the court must dissolve the [restraining] order." Fed. R. Civ. P. 65(b)(3).

4. At the hearing, the Defendant and any non-parties enjoined shall be prepared to show cause why they should not be preliminarily enjoined during the pendency of this action.

5. At any time, the Defendant and any non-parties enjoined may file a motion to dissolve or modify this temporary restraining order in accordance with Rule 65(b)(4) of the Federal Rules of Civil Procedure. They may also contact the Court to modify the time or date of the scheduled hearing.

6. This Temporary Restraining Order will become effective, as to each party and non-party enjoined, upon service of the Order on each such person and

entity by service of process or other method reasonably calculated to give notice. Plaintiffs shall arrange for the service of this order together with the Plaintiffs' motion for a temporary restraining order and the supporting pleadings and declarations, and shall promptly file proof of service with the Court. Contemporaneous with service, Plaintiffs shall provide any financial institution(s) enjoined with the full account numbers for the accounts at issue.

7. In accordance with Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiffs shall post with the Court registry a bond of **$1,000**, in cash or other form of payment acceptable to the Clerk of Court for this Order to be effective. In the event that Defendant appears to contest the relief sought herein, it will have an opportunity to request a higher bond amount at the hearing.

8. In accordance with Rule 65(b)(2) of the Federal Rules of Civil Procedure, this Order expires in 14 days at the same hour of this Order, "unless before that time the Court, for good cause, extends it for a like period or the adverse party consents to a longer extension."

IT IS SO ORDERED, this ______ day of ____________________, 2023.

______________________________________
HONORABLE
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

Order Prepared by and Respectfully Submitted by:

COPELAND, STAIR, VALZ & LOVELL, LLP

*/s/Mark D. Lefkow*
Mark D. Lefkow
Georgia Bar No. 004289
*Attorney for Plaintiff*
*Law Offices of Ronald I. Kaplan, MD, LLC*